PATRICIA P. WHITE, Bar No. 84140
E-mail: pwhite@littler.com
ROBERT J. WILGER, Bar No. 168402
E-mail: rwilger@littler.com
ADAM J. FISS, Bar No. 211799
E-mail: afiss@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendant
CITY OF PALO ALTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CASEY O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO and DOES 1 through 10,<br><br>Defendant. | Case No. C05-04515 JW [E-Filing]<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Plaintiff Casey O'Neill (hereinafter "Plaintiff") and Defendant City of Palo Alto (hereinafter "Defendant"), anticipate seeking and/or disclosing in the course of discovery information, which may be privileged, confidential, or proprietary. In order to facilitate discovery of such information while concurrently providing protection to the party disclosing such information, the parties hereto have agreed to enter into a Stipulated Protective Order (hereinafter "Order") limiting the disclosure of such information consistent with the terms set forth herein. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the

procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.  The parties may designate as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY" any document, thing, testimony, information, material or other information derived therefrom, disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Stamping the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.  Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within ten (10) court days after the receipt of the deposition transcript. Transcripts will be treated as confidential for the 10-day period. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," and to label such portions appropriately.

4.  Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.  Access to any "CONFIDENTIAL" document, thing, testimony, information, material or other information derived therefrom, produced pursuant to this Protective Order may be disclosed or made available only to: the Court; to counsel for a party (including the paralegal,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER       1.       (Case No. C05-04515 JW [E-Filing])

clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (b)    court reporter(s) employed in this action;

    (c)    a witness at any deposition or other proceeding in this action; and

    (d)    any other person as to whom the parties in writing agree.

Prior to receiving any "CONFIDENTIAL" document, thing, testimony, information, material or other information derived therefrom, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such Confidential Material to the qualified person.

6. Access to any "ATTORNEY'S EYES ONLY" document, thing, testimony, information, material or other information derived therefrom, produced pursuant to this Protective Order may be disclosed or made available only to: the Court; to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

Prior to receiving any "ATTORNEY'S EYES ONLY" document, thing, testimony, information, material or other information derived therefrom, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such Confidential Material to the qualified person.

7. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 5.

8. The parties agree that certain documents relating to Plaintiff's employment with Defendant are comprised of information protected by the attorney-client privilege, attorney

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER      2.      (Case No. C05-04515 JW [E-Filing])

1  work product doctrine, or contain private information that would otherwise be protected from
2  discovery. With respect to certain documents, including e-mails to and from Plaintiff, and other
3  work for which Plaintiff was responsible for drafting, that Defendant shall make available for
4  Plaintiff's attorneys to review under the following restrictions.

5        (a)    All documents to be reviewed by Plaintiff's attorneys shall be considered to
6  be ATTORNEY'S EYES ONLY during the review.

7        (b)    Plaintiff's attorneys' review of the documents shall not be considered to be a
8  waiver of the attorney-client privilege, attorney work product doctrine, or any basis for objecting to
9  the production of the documents. Plaintiff nor Plaintiff's attorneys shall make an assertion that a
10 waiver of any privilege or privacy right occurred as a result of this review at any time during the
11 litigation of this matter.

12       (c)    Defendant shall allow Plaintiff's attorneys to review the aforementioned
13 documents, but only in the office of its attorneys of record, Littler Mendelson. Plaintiff's attorneys
14 shall not: (1) remove any documents from the offices of Littler Mendelson; (2) make any copies of
15 the documents that are being reviewed; or (3) take any notes, regardless of medium being used,
16 regarding the documents being reviewed.

17       (d)    Plaintiff's attorneys shall mark those documents believed to be responsive to
18 Plaintiff's various requests for production of documents. After Plaintiff's attorneys have identified
19 those documents they are asserting to be responsive to Plaintiff's requests for production of
20 documents, Defendant's attorneys shall redact the attorney-client privilege, attorney-work product,
21 or private information from the documents and make them available to Plaintiff's attorneys.

22       9.    Nothing herein shall impose any restrictions on the use or disclosure by a
23 party of material obtained by such party independent of discovery in this action, whether or not such
24 material is also obtained through discovery in this action, or from disclosing its own Confidential
25 Material as it deems appropriate; provided, however, if a party has obtained any such material
26 pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that
27 party shall continue to adhere to such confidentiality obligations and, in addition, such materials
28 shall be covered by this Protective Order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER     3.    (Case No. C05-04515 JW [E-Filing])

10. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any document, thing, testimony, information, material or other information derived therefrom, designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." All document, thing, testimony, information, material or other information derived therefrom designated as "CONFIDENTIAL" or "ATTORNEY'S EYES" only may only be filed under seal and only after that party has complied with Civil Local Rule 79-5.

11. If a party determines certain documents or testimony should have been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," but were not so designated, the producing party shall notify opposing counsel in writing. Such material shall then be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" subject to the party's rights under this Protective Order.

12. In the event that any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, thing, testimony, information, material or other information derived therefrom, is used in any court proceeding in this action, it shall not lose its confidential status through such use and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

13. (a) This Protective Order shall be without prejudice to the right of the parties to: (i) bring before the Court at any time the question of whether any particular document or information is "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or whether its used should be restricted; or (ii) present a motion to the Court under Fed. R. Civ. Proc. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

(b) A party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the party designating the documents as confidential. In conferring, the challenging party must explain the basis for its belief

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER   4.   (Case No. C05-04515 JW [E-Filing])

<tr></tr>

that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

(c) A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

(d) The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

14. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. The terms and conditions of this Order shall apply retroactively to the time of commencement of this case in this Court.

16. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to

1  the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
2  information disclosed hereunder.

3       17.     Unless otherwise ordered or agreed in writing by the producing party, within
4  sixty days after the final termination of this action, each party in possession of any document, thing,
5  testimony, information, material or other information derived therefrom designated as
6  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" must return all such information to the
7  producing party, including all copies, abstracts, compilations, summaries or any other form of
8  reproducing or capturing anything designated as "CONFIDENTIAL" or ATTORNEY'S EYES
9  ONLY." With permission in writing from the designating party, the party in possession of such
10 information may destroy some or all of the information or material designated as
11 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" instead of returning it. Whether the
12 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or material is returned or
13 destroyed, the party who received that information or material must submit a written certification to
14 the producing party (and, if not the same person or entity, to the designating party) by the sixty day
15 deadline that identifies (by category, where appropriate) all the "CONFIDENTIAL" or
16 "ATTORNEY'S EYES ONLY" information or material that was returned or destroyed and that
17 affirms that the party who received the information has not retained any copies, abstracts,
18 compilations, summaries or other forms of reproducing or capturing any of the "CONFIDENTIAL"
19 or "ATTORNEY'S EYES ONLY" information or material.

20       Notwithstanding this provision, counsel are entitled to retain an archival copy of all
21 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,
22 even if such materials contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information
23 or material. Any such archival copies that contain or constitute "CONFIDENTIAL" or
24 "ATTORNEY'S EYES ONLY" information or material remain subject to this Protective Order.

25       18.     In the event any person shall violate or threaten to violate the terms of this
26 Protective Order, the parties agree that any aggrieved party may immediately apply to obtain
27 injunctive relief against any such person violating or threatening to violate any of the terms of this
28 Protective Order, and in the event that a party does so, the respondent person subject to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER**           6.          (Case No. C05-04515 JW [E-Filing])

1  provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved
2  party possesses an adequate remedy at law. However, the right to apply to obtain injunctive relief
3  does not preclude any aggrieved party from obtaining money damages for violation or threatened
4  violation of this Protective Order.

6  Dated: September 8, 2006

        ADAM J. FISS
        LITTLER MENDELSON
        A Professional Corporation
        Attorneys for Defendant
        CITY OF PALO ALTO

10 Dated: September 7, 2006

        DOUGLAS J. MELTON
        LONG & LEVIT LLP
        Attorneys for Plaintiff
        CASEY O'NEILL

14 **IT IS SO ORDERED.**

16 Dated: 9/12/06

        UNITED STATES DISTRICT COURT JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER            7.         (Case No. C05-04515 JW [E-Filing])

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in *O'Neill v. City of Palo Alto*, United Stated District Court for the Northern District of California, Civil Action No. C05-04515 JW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

Signed: _____

Name: _____

Address: _____

_____

Firmwide:81453408.1 048542.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    8.    (Case No. C05-04515 JW [E-Filing])