DOUGLAS J. MELTON, SBN 16135
dmelton@longlevit.com
JORDAN ROJAS, SBN 233182
jrojas@longlevit.com
LONG & LEVIT
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392

Attorneys for Plaintiff
CASEY O'NEILL

RICHARD C. BOLANOS, SBN 111343
rbolanos@lcwlegal.com
SUZANNE SOLOMON, SBN 169007
ssolomon@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107
Telephone: (415) 512-3000
Facsimile: (415) 856-0306

Attorneys for Defendant
CITY OF PALO ALTO

**IT IS SO ORDERED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>    Defendant. | Case No. C 05-04515 JW<br><br>[PROPOSED] STIPULATED JUDGMENT |

    Plaintiff Casey O'Neill and Defendant City of Palo Alto through their respective counsel of record, hereby consent to the entry of Judgment as set forth below.

    1.    Plaintiff and the City have executed a Settlement Agreement that resolves all of

Plaintiff's claims raised pursuant to the Fair Labor Standards Act in this action, without any admission of liability by the City. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

2. Under the Settlement Agreement, the City of Palo Alto shall pay to Plaintiff Casey O'Neill the sum of $51,106.50 for unpaid overtime, the sum of $51,106.50 for liquidated damages, the sum of $163,320 for attorneys' fees and the sum of $26,567 for reasonable litigation costs, to resolve her claims under the Fair Labor Standards Act. The Settlement Agreement provides that Plaintiff Casey O'Neill shall take nothing on her claim for retaliation.

3. Pursuant to the terms of the Settlement Agreement, Plaintiff Casey O'Neill and the City of Palo Alto consent to the dismissal with prejudice of Plaintiff's FLSA claims in this action.

Stipulated and Agreed:

Dated: October 16, 2007

LONG & LEVIT LLP

Douglas J. Melton
Attorneys for Plaintiff
CASEY O'NEILL

Dated: October 18, 2007

LIEBERT CASSIDY WHITMORE

Richard C. Bolanos
Suzanne Solomon
Attorneys for Defendant
CITY OF PALO ALTO

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement Agreement executed by Plaintiff Casey O'Neill and the City of Palo Alto, a copy of which is attached hereto and made a part hereof, is ratified and approved by the Court and incorporated into this judgment.

2. Plaintiff's FLSA claims are dismissed with prejudice.

The Clerk shall close this file.

Dated: November 1, 2007

_____
James Ware
United States District Judge

45813.3 PA036-011

[PROPOSED] STIPULATED JUDGMENT

CASE NO. C 05 04515 JW

3

**EXHIBIT 1 TO [PROPOSED] STIPULATED JUDGMENT**
**Case No. C 05-04515 JW**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is made by and between the City of Palo Alto ("City") and Anne Casey O'Neill, aka Casey O'Neill ("Employee").

WHEREAS, Employee began working for City as a Claims Investigator/Paralegal in 1993, and Employee filed a Complaint for Damages on August 10, 2005 in the Superior Court of the State of California, County of Santa Clara against City, and City removed the action to the United States District Court for the Northern District of California, Case No. C05-04515 (hereafter "Lawsuit");

WHEREAS, Employee and the City now desire to compromise and settle the Lawsuit, and all claims, demands, complaints, actions, charges, litigation and causes of action, whether now known or unknown that arise from the facts alleged in the Lawsuit arising from O'Neill's employment with the City, or interactions with any of its members of the City Council, officers, agents, deputies, representatives, servants, employees, successors, assigns, predecessors, divisions, branches, or attorneys;

WHEREAS, the parties desire to enter into an agreement by which Employee's employment with the City will end on mutually agreeable terms;

NOW THEREFORE, in consideration of the mutual promises and covenants herein, and for other good and valuable consideration, the parties agree as follows:

1. Employee hereby voluntarily and freely tenders her resignation for purposes of retirement, effective June 1, 2008, immediately upon execution of this Agreement and which shall be irrevocable after the time period set forth in Paragraph 17 has elapsed. The City accepts the resignation. A copy of said resignation is attached as Exhibit A and is a material term of this Agreement. Employee is not eligible for rehire by City. Employee shall complete whatever paperwork is required to effectuate her retirement to be effective on June 1, 2008.

2. From October 15, 2007 through April 13, 2008, Employee will be temporarily reassigned to the Department of Public Works as an Industrial Waste Investigator, in conformance with the rules of the City's Management Talent Exchange Program, and will work in that position as a .60 FTE. Employee understands that that position is a non-exempt position, and agrees not to work any overtime in that position.

3. The City hereby grants Employee a paid leave of absence from employment with City. This leave of absence shall be for the period of April 14, 2008 through May 13, 2008.

4. Employee agrees that for the period of May 14, 2008 through May 31, 2008, she will not work and will use available time that she has accrued in her leave banks. The City warrants and represents that as of September 28, 2007, Employee has

accrued 127.825 hours of vacation time, 363.53 hours of sick leave, and 48 hours of management leave.

5.  City warrants and represents that, provided that Employee retires from City service as of June 1, 2008, Employee shall receive Retiree Health Plan coverage as described in the City of Palo Alto Compensation Plan for Management and Professional Personnel and Council Appointees at paragraph G(4):

> "4. Retiree Health Plan (a) Employees Hired Prior to January 1, 2004. Monthly City-paid premium contributions for retiree-selected health plan through the CalPERS Health Benefits Program will be made as provided under the Public Employees Medical and Hospital Care Act. The City's monthly employer contribution for each employee retiring on or after 1/1/2007 shall be the amount necessary to pay for the cost of his or her enrollment in a health benefits plan up to the monthly premium for the second most expensive plan offered to management and professional personnel during the contract term (among the existing array of plans.) For the 2007 calendar year, the City's contribution toward dependent coverage is 70% of the difference between the applicable "Employee and One Dependent" or "Family" maximum employer coverage for active management and professional personnel and the maximum employer contribution for "Employee Only" coverage. For 2008 the City's contribution will increase to 75%."

6.  Counsel for the parties will sign the Stipulated Judgment attached as Exhibit B and jointly present it to Judge Ware and request his approval and dismissal of the Lawsuit with prejudice. The Stipulated Judgment states that the City will pay Employee $51,106.50 on her claim for unpaid overtime, $ 51,106.50 in liquidated damages, $163,320 for attorneys' fees and $26,567 for costs. Employee takes nothing on her claim for retaliation, and that claim will be dismissed with prejudice.

7.  The City will not eliminate Employee's Claims Investigator position at any time before June 1, 2008. If, prior to April 13, 2008, the City eliminates the Industrial Waste Investigator position to which Employee has been temporarily assigned, Employee will be reassigned back to the Claims Investigator position for the time period beginning when the Industrial Waste Investigator position is eliminated and ending on May 31, 2008, and as stated in Paragraphs 3 and 4 of this Agreement, Employee will be on paid leave from April 14, 2008 through May 13, 2008, and from May 14, 2008 through May 31, 2008, Employee will not work and will use available time accrued in her leave banks.

8.  If the City receives inquiries from other employers seeking information about Employee, the City's response will be limited to stating Employee's last position held and the dates that she was employed with the City.

9.  The total sum to be paid by the City pursuant to this Agreement is $335,000, payable as set forth in this section.

2

Within fourteen days after all of the following has occurred: (1) Judicial approval of the Proposed Stipulated Judgment attached hereto as Exhibit B; and (2) this Agreement becomes effective as provided in Paragraph 16 below, City will make the following payments:

    a.    City will forward to Employee's counsel a check made payable to Anne Casey O'Neill and Long and Levit LLP, representing the gross back overtime pay of $51,106.50 less applicable withheld taxes; and

    b.    City will forward to Employee's counsel a check made payable to Anne Casey O'Neill and Long and Levit LLP, in the amount of $51,106.50 representing liquidated damages; and

    c.    City will forward to Plaintiff's counsel a check made payable to Long and Levit LLP, in the amount of $189,887 representing attorneys' fees and costs incurred in the Lawsuit; and

    d.    On June 2, 2008, provided that the court has approved the Proposed Stipulated Judgment attached hereto as Exhibit B and provided that this Agreement has become effective as provided in Paragraph 16 below, City will forward to Plaintiff's counsel a severance payment representing the gross amount of $42,900, less applicable withheld taxes, in the form of a check made payable to Anne Casey O'Neill.

    10.    No interest is owed to Employee on the sums set forth in Paragraph 9 of this Agreement. The parties agree that the amounts to be paid to Employee pursuant to Paragraph 9 of this Agreement fully compensate Employee for any loss she may have incurred in delayed use of the overtime pay and fully compensate Employee's counsel for any delayed use of the attorneys' fees.

    11.    The Parties agree that the payments set forth in Paragraph 9 of this Agreement that are designated as back (overtime) pay and severance are wages subject to full withholding of federal and state income and other payroll withholding taxes. City shall withhold taxes from the amount to be paid by the City pursuant to Paragraph 9 of this Agreement that has been designated as back (overtime) pay and severance.

The Parties agree that the payments set forth in Paragraph 9 that are designated as liquidated damages and/or attorneys' fees and costs are not wages and therefore are not subject to payroll tax withholding requirements, although they are taxable as gross income.

Employee is encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the settlement amounts and no opinion on any tax matter is expressed herein. Employee is solely responsible for reporting amounts received pursuant to this Agreement to any applicable federal, state or local agency as required by law.

    12.    Employee hereby releases the City and its present and former officers, directors, employees, agents, attorneys, representatives, successors and assignees, and

3

each of them, from any and all claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever arising from or relating to her employment, whether legal or equitable, before any administrative body or court, including any grievances or arbitrations or unfair practice charges, whether or not known, suspected or claimed, which she ever had, now has, or in the future may have, by reason of, on account of, or arising out of any act or failure to act by any person, or any course of conduct, policy or practice, condition or state of events, including the drafting and contents of the Agreement and Employee's employment with the City and any matters relating to her resignation from City employment. By executing this Agreement, Employee is not waiving any future retirement benefits that she will be entitled to as of June 1, 2008.

13. Employee understands and expressly agrees that the Agreement extends to all claims as against all other parties of every nature and kind, known or unknown, suspected or unsuspected, past or present, arising out of the transactions or occurrences which are the subject of or are in any way related to the contents of this Agreement and Employee's employment with the City and any matters relating to her resignation from City employment, and that any and all rights granted to the parties under section 1542 of the California Civil Code or any analogous state or federal law or regulation are hereby expressly waived. Section 1542 of the California Civil Code reads as follows:

> **A general release does not extend to claims the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

14. The Agreement is and shall be binding upon the respective successors, representatives, executors, administrators, and heirs of the parties.

15. The parties acknowledge that each of them has had the opportunity to fully discuss the contents of this Agreement with their legal counsel, and has had the benefit of such representation in negotiating and drafting the terms of this Agreement. The parties understand and agree to the terms of this Agreement with full understanding of its significance and with the express intention of effecting its legal consequences. The terms of this Agreement shall not be construed as having been drafted by one party or the other.

16. **Specific Acknowledgment of Waiver of Claims Under ADEA and OWBPA**

The Age Discrimination in Employment Act of 1967 ("ADEA") makes it illegal for an employer to discharge any individual or otherwise discriminate with respect to the nature and privileges of an individual's employment on the basis that the individual is age forty or older. The Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. Sections 626, *et. seq.*, further augments the ADEA and prohibits the waiver of any right or claim under the ADEA unless the waiver is knowing and voluntary. By entering into

4

this Agreement, Employee acknowledges that she is knowingly and voluntarily, for just compensation in addition to anything of value of which Employee was already entitled, waiving and releasing any rights she may have under the ADEA and/or OWBPA. Employee further acknowledges that she has been advised and understands, pursuant to the provisions of the ADEA and OWBPA, that:

 a. This waiver/release is written in a manner understood by Employee.

 b. Employee is aware of and has been advised by legal counsel of her own choosing of her rights under the ADEA and OWBPA, and of the legal significance of her waiver of any possible claims she currently may have under the ADEA, OWBPA, or similar age discrimination laws.

 c. Employee is entitled to a reasonable time of at least twenty-one (21) days within which to review and consider this Agreement, and the waiver and release of any rights she may have under the ADEA, the OWBPA, or similar age discrimination laws, but she may, in the exercise of her own discretion, sign or reject this Agreement at any time before the expiration of the twenty-one (21) day period.

 d. The waivers and releases set forth in this Agreement shall not apply to any rights or claims that may arise under the ADEA and/or OWBPA after the effective date of this Agreement.

 e. Employee is hereby advised that she should consult with an attorney prior to executing this Agreement.

 f. Employee has had an opportunity to discuss this waiver and release with, and to be advised with respect thereto, by an attorney of her choice, and that she does not need any additional time within which to review and consider this Agreement.

 g. Employee has seven (7) days following her execution of this Agreement to revoke this Agreement.

 h. This Agreement shall not be effective nor enforceable until after it is executed by all the Parties and after the expiration of the seven (7) day revocation period set forth in the preceding subparagraph.

17. The Agreement and the attached exhibits constitute the entire agreement between the parties. No other promises, agreements, or statements between the parties shall be binding unless made in writing and signed by all parties hereto.

18. The parties agree that the amount of attorneys' fees to be paid to Employee pursuant to Paragraph 9 of this Agreement constitutes full compensation of the

attorneys' fees and costs to which Employee is entitled by law from the City. Any additional fees and/or costs associated with prosecuting the Lawsuit shall be borne solely by Employee. Should any party to this Agreement reasonably retain counsel for the purposes of enforcing or preventing the breach of any provision of this Agreement, then, if the matter is resolved by judicial determination, the prevailing party shall be entitled to reimbursement from the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees for the services rendered to such prevailing party.

19. The Agreement and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of California.

20. The parties hereby agree to execute all such other documents and to take all such other action as may be reasonably necessary to effect the purposes of the Agreement.

21. Each party affirms and acknowledges that he/she has read, fully appreciates, and understands the above words, terms, and provisions of the Agreement, is entirely satisfied with the settlement described, and has fully executed the Agreement voluntarily and of his or her full free will and accord.

22. The Agreement may be executed in several counterparts and shall be deemed legally effective at such time as counterparts thereof duly executed on behalf of all parties have been furnished and delivered to the attorneys for all parties to the Agreement. Signature of copies and facsimile versions of the Agreement shall have the same force and effect as signature of the original.

IN WITNESS WHEREOF the parties hereto have executed the Agreement as dated below.

Dated: 10/16/07       _____
                      Anne Casey O'Neill

Dated: _____   _____
                         Frank Benest, City Manager
                         City of Palo Alto

APPROVED AS TO FORM:

By: _____       Dated: _____
    Douglas J. Melton
    LONG & LEVIT
    Attorneys for A. Casey O'Neill

attorneys' fees and costs to which Employee is entitled by law from the City. Any additional fees and/or costs associated with prosecuting the Lawsuit shall be borne solely by Employee. Should any party to this Agreement reasonably retain counsel for the purposes of enforcing or preventing the breach of any provision of this Agreement, then, if the matter is resolved by judicial determination, the prevailing party shall be entitled to reimbursement from the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees for the services rendered to such prevailing party.

19. The Agreement and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of California.

20. The parties hereby agree to execute all such other documents and to take all such other action as may be reasonably necessary to effect the purposes of the Agreement.

21. Each party affirms and acknowledges that he/she has read, fully appreciates, and understands the above words, terms, and provisions of the Agreement, is entirely satisfied with the settlement described, and has fully executed the Agreement voluntarily and of his or her full free will and accord.

22. The Agreement may be executed in several counterparts and shall be deemed legally effective at such time as counterparts thereof duly executed on behalf of all parties have been furnished and delivered to the attorneys for all parties to the Agreement. Signature of copies and facsimile versions of the Agreement shall have the same force and effect as signature of the original.

IN WITNESS WHEREOF the parties hereto have executed the Agreement as dated below.

Dated: _____

Anne Casey O'Neill

Dated: October 17, 2007

_____
Frank Benest, City Manager
City of Palo Alto

APPROVED AS TO FORM:

By: _____                          Dated:_____
Douglas J. Melton
LONG & LEVIT
Attorneys for A. Casey O'Neill

6

attorneys' fees and costs to which Employee is entitled by law from the City. Any additional fees and/or costs associated with prosecuting the Lawsuit shall be borne solely by Employee. Should any party to this Agreement reasonably retain counsel for the purposes of enforcing or preventing the breach of any provision of this Agreement, then, if the matter is resolved by judicial determination, the prevailing party shall be entitled to reimbursement from the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees for the services rendered to such prevailing party.

19. The Agreement and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of California.

20. The parties hereby agree to execute all such other documents and to take all such other action as may be reasonably necessary to effect the purposes of the Agreement.

21. Each party affirms and acknowledges that he/she has read, fully appreciates, and understands the above words, terms, and provisions of the Agreement, is entirely satisfied with the settlement described, and has fully executed the Agreement voluntarily and of his or her full free will and accord.

22. The Agreement may be executed in several counterparts and shall be deemed legally effective at such time as counterparts thereof duly executed on behalf of all parties have been furnished and delivered to the attorneys for all parties to the Agreement. Signature of copies and facsimile versions of the Agreement shall have the same force and effect as signature of the original.

IN WITNESS WHEREOF the parties hereto have executed the Agreement as dated below.

Dated: _____

_____
Anne Casey O'Neill

Dated: _____

_____
Frank Benest, City Manager
City of Palo Alto

APPROVED AS TO FORM:

By: _____
Douglas J. Melton
LONG & LEVIT
Attorneys for A. Casey O'Neill

Dated: 10/16/07

By: _____
Suzanne Solomon
LIEBERT CASSIDY WHITMORE
Attorneys for City of Palo Alto

Dated: October 18, 2007

**EXHIBIT A**

## LETTER OF RESIGNATION

I, Anne Casey O'Neill, do hereby voluntarily resign my employment with the City of Palo Alto, for the purposes of retirement, effective June 1, 2008.

Dated: 10/16/07

_____
Anne Casey O'Neill

47435.1 PA036-011

**EXHIBIT B**

DOUGLAS J. MELTON, SBN 16135
dmelton@longlevit.com
JORDAN ROJAS, SBN 233182
jrojas@longlevit.com
LONG & LEVIT
465 California Street, Suite 500
San Francisco, CA 94104
Telephone:  (415) 397-2222
Facsimile:  (415) 397-6392

Attorneys for Plaintiff
CASEY O'NEILL


RICHARD C. BOLANOS, SBN 111343
rbolanos@lcwlegal.com
SUZANNE SOLOMON, SBN 169007
ssolomon@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107
Telephone:  (415) 512-3000
Facsimile:  (415) 856-0306

Attorneys for Defendant
CITY OF PALO ALTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY O'NEILL,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>           Defendant. | Case No.  C 05-04515 JW<br><br>**[PROPOSED] STIPULATED JUDGMENT** |

    Plaintiff Casey O'Neill and Defendant City of Palo Alto through their respective counsel of record, hereby consent to the entry of Judgment as set forth below.

    1.    Plaintiff and the City have executed a Settlement Agreement that resolves all of

Plaintiff's claims raised pursuant to the Fair Labor Standards Act in this action, without any admission of liability by the City. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

2. Under the Settlement Agreement, the City of Palo Alto shall pay to Plaintiff Casey O'Neill the sum of $51,106.50 for unpaid overtime, the sum of $51,106.50 for liquidated damages, the sum of $163,320 for attorneys' fees and the sum of $26,567 for reasonable litigation costs, to resolve her claims under the Fair Labor Standards Act. The Settlement Agreement provides that Plaintiff Casey O'Neill shall take nothing on her claim for retaliation.

3. Pursuant to the terms of the Settlement Agreement, Plaintiff Casey O'Neill and the City of Palo Alto consent to the dismissal with prejudice of Plaintiff's FLSA claims in this action.

Stipulated and Agreed:

Dated: October 16, 2007

LONG & LEVIT LLP

Douglas J. Melton
Attorneys for Plaintiff
CASEY O'NEILL

Dated: October 18, 2007

LIEBERT CASSIDY WHITMORE

Richard C. Bolanos
Suzanne Solomon
Attorneys for Defendant
CITY OF PALO ALTO

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement Agreement executed by Plaintiff Casey O'Neill and the City of Palo Alto, a copy of which is attached hereto and made a part hereof, is ratified and approved by the Court and incorporated into this judgment.

[PROPOSED] STIPULATED JUDGMENT

CASE NO. C 05 04515 JW

2

2. Plaintiff's FLSA claims are dismissed with prejudice.

Dated: _____

James Ware
United States District Judge

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

45813.3 PA036-011

[PROPOSED] STIPULATED JUDGMENT

CASE NO. C 05 04515 JW

3